UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kellie A. Ouellette,
    Claimant

    v.

Case No. 17-cv-409-SM
Opinion No. 2019 DNH 078

Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

Kellie A. Ouellette seeks to recover attorneys' fees and expenses in the amount of $7,592.55 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following a successful appeal from the denial of her application for Social Security benefits. The Acting Commissioner objects to that request. Claimant also seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,944. The Acting Commissioner does not oppose that request.

Claimant's EAJA motion is denied, and claimant's 42 U.S.C. § 406(b) motion is granted.

**Background**

In July, 2017, after being denied benefits by the Social Security Administration, Ouellette entered into a contingent fee

agreement with Jackson & MacNichol (hereinafter, "Counsel"), for representation in this court, pursuant to which claimant agreed:

> To pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents benefits, subject to the approval of said fee by the court. It is understood that this Contingent Fee is to be paid by the Client directly to the Attorney from any past-due benefits awarded on the basis of the Client's claim.

Cl.'s § 406(b) Mot., Exh. 4, ¶ 3A. Ouellette further acknowledged that Counsel's services would ordinarily be billed at an hourly rate of more than $350. Pursuant to the agreement, Counsel agreed to take no fee if unsuccessful in securing an award of past-due benefits.

On September 12, 2017, claimant appealed the Social Security Commissioner's denial of her claim for Disability Insurance and Supplemental Security Income Benefits under the Social Security Act (the "Act"). The court vacated the Commissioner's decision and remanded the case. On remand, claimant was awarded past-due benefits in the amount of $79,776. Subsequently, the Social Security Administration approved a payment of $6,000 to plaintiff's counsel for work on her behalf at the administrative level pursuant to 42 U.S.C. § 406(a).[1]

---

[1] The Supreme Court recently held in Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019), that 42 U.S.C. § 406(b)(1)(A)'s 25 percent cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." However, the parties' fee agreement limits counsel's fee to 25 percent total of Ouellette's past-due benefits.

2

**Discussion**

**1. EAJA Fees**

Ouellette has moved for $7,592.55 in fees and expenses under the EAJA, based upon 42.7 hours of attorney work (billed at $198.15 per hour), and 2.9 hours of paralegal work (billed at $90 per hour). The Acting Commissioner opposes claimant's motion for EAJA fees, arguing that her litigation position was substantially justified. In the alternative, the Commissioner argues that the amount of fees requested is not reasonable.

The Equal Access to Justice Act provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States or in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)(emphasis supplied). Accordingly, to recover fees under the EAJA, a party must not only prevail, but the court must also conclude that the government's position was not substantially justified. See <u>McDonald v. Sec'y of Health & Human Servs.</u>, 884 F.2d 1468, 1469-70 (1st Cir. 1989) ("Under EAJA, . . . the government must foot the legal bills of its

3

adversaries in civil cases . . . only if the adversaries 'prevail' and if the government's position is not 'substantially justified.'").

In opposing a party's request for fees under the EAJA, the government bears the burden of demonstrating that its position was substantially justified. See, e.g., Scarborough v. Principi, 541 U.S. 401, 414 (2004) ("The burden of establishing 'that the position of the United States was substantially justified,' § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government."). See also McDonald, 884 F.2d at 1475. The Supreme Court has explained that the government carries its burden by demonstrating that its position had "a reasonable basis in law and fact" and was justified "to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 and 566 n. 2 (1988). In other words, the government's position will be considered "substantially justified" if "reasonable people could differ as to the appropriateness of the contested action." Id. at 565 (citation and internal punctuation omitted).

The Acting Commissioner's initial decision denying Ouellette's claim for benefits was reversed and remanded because the court determined that the ALJ's assessment of the limitations imposed upon claimant by reason of her back

4

impairment lacked adequate support in the medical opinions of record. More specifically, of the three medical opinions in the record, only one, the opinion of claimant's treating orthopedist, Dr. McMahon, directly addressed claimant's functional limitations arising from her degenerative back injury. The ALJ gave that opinion little weight, finding it inconsistent with the objective findings and claimant's minimal substantive treatment for her back impairment. However, it was not clear from the ALJ's order exactly what "objective findings" were inconsistent with Dr. McMahon's opinion. As previously mentioned, the record lacked other medical opinions regarding claimant's back impairment. So, Dr. McMahon's opinion was not inconsistent with other medical opinions in the record. The Acting Commissioner argued that the ALJ was relying upon claimant's MRI. But, to the extent the ALJ independently interpreted claimant's MRI as contrary to Dr. McMahon's opinion, the ALJ impermissibly substituted his medical judgment for that of a physician. Accordingly, the court remanded, stating "the prudent course is a remand to obtain [a] current relevant consultative medical examination." Docket No. 20, at 17.

The complicating factor in this case was the degenerative nature of claimant's back impairment, a progressively worsening condition. Claimant filed for benefits shortly after

5

experiencing a fall in June, 2014, during which she broke her humerus and dislocated her shoulder. She did not seek treatment for her back pain until more than a year after her June, 2014, accident. Ultimately, the circumstances and timing of claimant's filing coupled with the degenerative nature of her back impairment resulted in record evidence that was not entirely consistent with respect to diagnosis and symptoms. Indeed, at the initial hearing, the ALJ explicitly recognized the challenges inherent in "cases like this when we have a traumatic injury and someone files soon after it happens." Admin. Rec. at 51.

Given the challenges posed by such cases and the lack of clarity in the record, the court cannot conclude that the Acting Commissioner's position had no reasonable basis in fact. And, because the court's decision was based largely on the somewhat inconsistent factual record, this is not a case in which the Acting Commissioner's reliance on legal precedent was misplaced. As the Acting Commissioner points out, there are cases in which courts have determined that MRI results, clinical studies or findings can support an ALJ's decision not to accept treating physician's opinions of a claimant's limitations. See Def.'s Obj. to Pl.'s EAJA Mot. at p. 3 (citing cases). While those cases are distinguishable from the case at bar, the Acting

Commissioner's reliance on such precedent in support of her decision was not patently unreasonable given, again, the fact-specific nature of the court's holding. See Saysana v. Gillen, 614 F.3d 1, 5 (1st Cir. 2010) ("the position of a government agency can be substantially justified even if a court ultimately determines the agency's reading of the law was not correct.") (quoting Aronov v. Napolitano, 562 F.3d 84, 94 (1st Cir. 2009) (additional citations omitted).

Claimant's argument to the contrary is essentially that the Acting Commissioner did not prevail. However, "[t]here is no presumption that the government's position was not substantially justified simply because it lost the case." Scarborough v. Principi, 541 U.S. 401, 414-15 (2004). "[T]he substantial justification analysis does not hinge on whether the agency was right or wrong but on whether its actions were reasonable." Aronov, 562 F.3d at 95. The facts of this case are such that "a reasonable person could think the agency position is correct." Id. at 94. Accordingly, the court finds that the Acting Commissioner's position was substantially justified. Plaintiff's EAJA application for fees and expenses is denied on that basis.

## 2. Fee Awards under 42 U.S.C. § 406(b)

Plaintiff's counsel moves for an award of fees in the amount of $13,944 pursuant to 42 U.S.C. § 406(b). That amount, together with the $6,000 fee pursuant to Section 406(a), is 25 percent of the past due benefits of $79,776 awarded to plaintiff. The government does not object.

Section 406(b)(1)(A) provides, in relevant part:

> [w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Instead, Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id.

Accordingly, when presented with requests for approval of contingent fee awards in Social Security cases, the court is obligated to review such fee requests for reasonableness. "Reduction in the amount that otherwise would be payable

pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall)." Weed v. Colvin, No. 14-271-JHR, 2016 WL 3919849, at *2 (D. Me. July 15, 2016) (citing Gisbrecht, 535 U.S. at 808 and Rodriquez v. Bowen, 865 F.2d 739, 746-47 (6th Cir. 1989)).

Here, counsel successfully represented the claimant, and there is no suggestion that counsel provided inadequate representation or delayed the proceedings. And, given the work performed, time expended and costs incurred, the court finds that a contingent fee award of 25 percent would not result in a "windfall" to counsel. Claimant's counsel expended 42.7 attorney hours in this case, and 2.9 paralegal hours. Counsel submits a usual and customary hourly rate of $350 per hour, but does not provide a regular rate for his paralegal. Accordingly, the court relies on the paralegal rate of $90 per hour depicted in claimant's EAJA application. Based on these rates, counsel's fee would total $15,206. Twice that figure is more than $30,000. Pursuant to the contingency-fee agreement, counsel

requests $19,944. Counting paralegal time as attorney time, the hourly rate of the attorney fee sought here would be approximately $437. In the court's view, that does not amount to a windfall, especially given the positive result for the claimant, and the risk counsel assumed in taking claimant's case on a contingency basis. See Moriarty v. Astrue, No. CIV07-CV-342-SM, 2010 WL 1342818, at *2 (D.N.H. Apr. 1, 2010) (attorney's fees request was "entirely reasonable" when it was less than twice the lodestar).

Accordingly, the court finds that counsel's request for fees in an amount equivalent to 25 percent of claimant's award of past-due benefits is appropriate.

## Conclusion

For the foregoing reasons and as set forth herein, claimant's EAJA application for fees and expenses (document no. 23) is **DENIED**. Claimant's motion for award of § 406(b) fees (document no. 27) is **GRANTED**.

    SO ORDERED.

                            _/s/ Steven J. McAuliffe_
                            Steven J. McAuliffe
                            United States District Judge

May 6, 2019

cc: Alexandra M. Jackson, Esq.
    Karen B. Fitzmaurice, Esq.
    Penelope E. Gronbeck, Esq.
    Kevin Parrington, Esq.
    Terry L. Ollila, AUSA